IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

MICHAEL B. BELIN                                                                                               PLAINTIFF

v.                                          NO. 4:11CV00540 JLH

UNITED PARCEL SERVICE, INC.                                                                        DEFENDANT

## ORDER

Michael B. Belin brought this action against United Parcel Service, Inc., alleging that UPS violated the Americans With Disabilities Act by failing to provide a reasonable accommodation for his disabling back pain and by terminating him because of that disability. The Court entered summary judgment in favor of UPS. UPS has now filed a motion for costs totaling $1,566.00.

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides, in pertinent part:

> Unless a federal statute, these rules, or court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party.

This provision creates a presumption that the prevailing party is entitled to costs. *Greaser v. State of Mo. Dept. of Corrections*, 145 F.3d 979, 985 (8th Cir. 1998). "Despite this presumption, however, the district court has substantial discretion in awarding costs to a prevailing party." *Id.* A district court has discretion to refuse to tax costs in favor of the prevailing party. *Hibbs v. K-Mart Corp.*, 870 F.2d 435, 443 (8th Cir. 1989).

Part of the reason for entering summary judgment in favor of UPS on Belin's ADA claim was that Belin testified that he is totally disabled and as a result has not worked in any kind of job since 2009. One of the elements that Belin was required to prove on his ADA claim was that he was qualified to perform his job's essential functions either with or without a reasonable accommodation.

Based on his testimony that he is totally disabled, cannot do any kind of work, and has not been able to do any kind of work for three years, the Court concluded that he could not meet that element.

By the same token, Belin apparently does not have the resources to pay costs. Although poverty does not automatically excuse a losing party from the obligation to pay costs, "where the antagonists are very unevenly matched in size, resources, and stability, it would be unfortunate to use the possible taxation of costs as a sword of Damocles and so prevent a good faith" claim. *Boas Box Co. v. Proper Folding Box Corp.*, 55 F.R.D. 79, 81 (E.D.N.Y. 1971). Here, Belin litigated in good faith. Were the Court to impose costs, it would create a substantial hardship to Belin and could have a chilling effect on others who might seek to enforce their rights under the ADA.

For these reasons, the Court declines to award costs to UPS. Document #27.

IT IS SO ORDERED this 25th day of July, 2012.

*/s/ J. Leon Holmes*
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE